Mr. Justice Nett
delivered the opinion of the couri :
Tiie question in this case is, whether an administrator is liable to pay the costs of a suit which was brou.ght against the intestate in his life time, and abated by his death. The only authority in favor of sued; a position which has been produced or that I can find, is a dictum of Lord Coke, (2 List. 5288 \) that if a writ abate by the act of God, and the plaintiff ¡.uroLr.so a i ew one by journeys accounts, he shall have the costs of the first vuit, and the proceedings thereon ; otherwise it is ;f the f.rst writ abate through the default of the pm.mill And. it is laid down in Bailan tine On Limito tli.ue 4 * if t defendant dies, then the plaintiff may pi,rebase a vv,it by journeys accounts. This old method of proceeding by journeys accounts appears long ago to have fallen into disuse. I do not know that I understand enough of it to bo able to give a correct opinion of its application to this question. The best account that I have seen of it is given by chief justice Treby in the case of Kinsey vs. Heywood, (1 Lord Raymond, 433.) He says that the Chancery 'being a moveable court, and following the King’s court, and the writs being to be purchased out of the mid court, the party who purchased the second writ ought to have applied to the King’s court as hastily as the distance oí the place would allow, accounting twenty miles for every day ; and for this reason, he was to shew in th ■ second writ that he had purchased his second writ as hastily as he could, accounting the days journies he had to the King’s court. It appears by this account that he ought to have set out in his second writ,' that it was brought by journeys accounts *432 in order to show that it was a eontirnance of the forme? process. And in the case in Lord Raymond, chief justice Trcby says, ci there is nothing of journeys accounts; before us ; for the second writ is not said to be brought, per dietas comput at as, as all the precedents are.” It would seem therefore that the plaintiff cannot recover in this case for want of that formality. But without relying at, all on the form of the proceedings, I do not think that the costs ought to be allowed. It has always been considered in this state that where a suit abates by the death of one of the parties, each should pay his own costs; and a mere dictum of equivocal import from any old author, even from Lord Coke, ought not to influence us to innovate upon a rule so long established by practice.
Gregg, for the motion.
Re Saussure, contra.
The motion therefore must be refused.
Justices Colcock, Richardson, Johnson, Ilvger and Gantt, concurred. ^